**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA DIVISION**

| | | |
|---|---|---|
| RICHARD HOLDER,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF TENNESSEE, INC. and TRH HEALTH INSURANCE COMPANY<br><br>Defendants. | ) | Case No. 1:11-cv-164<br>CLC/Lee<br><br>JURY DEMAND |

FILED
JUN 21 2011
Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

**COMPLAINT**

Plaintiff, Richard Holder ("Plaintiff"), by and through counsel, hereby brings this action for the wrongful denial of coverage under a health insurance policy provided by TRH Health Insurance Company ("TRH") and administered by Blue Cross Blue Shield of Tennessee, Inc. ("BCBS"). In support of his Complaint in this matter, Plaintiff alleges as follows:

PARTIES

1. Plaintiff is an individual residing at 3616 Glen Oaks Drive, Chattanooga, Tennessee 37412.

2. BCBS is a Tennessee insurance corporation that can be served through the Commissioner of the Tennessee Department of Commerce and Insurance at 500 James Robertson Parkway, Nashville, Tennessee 37243-0565.

3. TRH is a Tennessee insurance corporation that can be served through the Commissioner of the Tennessee Department of Commerce and Insurance at 500 James Robertson Parkway, Nashville, Tennessee 37243-0565.

4. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1132.

5. Venue is proper pursuant to 29 U.S.C. § 1132 because Plaintiff's residence is within this district.

## STATEMENT OF FACTS

6. BCBS is the administrator of a health insurance plan provided to Plaintiff by TRH, a copy of which is attached hereto as Exhibit A (the "Plan").

7. At all times at issue in this case, Plaintiff was covered under the Plan.

8. Plaintiff has been diagnosed by his treating physician with localized prostate cancer.

9. Plaintiff has been advised that there are multiple methods to treat his cancer, including but not limited to proton beam therapy.

10. Plaintiff has been advised by multiple physicians that proton beam therapy is not only a medically necessary treatment for his cancer, but also that it has fewer complications and side effects than the other possible treatments.

11. Plaintiff has been further advised, as have Defendants by multiple physicians, that proton beam therapy is neither investigational nor experimental for the treatment of prostate cancer.

12. On or about July 67, 2010, Plaintiff submitted a request to TRH, through BCBS, to be covered under the Plan for proton beam therapy.

13. Defendants have refused to approve coverage for Plaintiff to receive proton beam therapy, arguing that proton beam therapy is "investigational" and not "medically appropriate".

14. Plaintiff exercised all of its appeals rights pursuant to the Plan, with Plaintiff's final appeal having been denied by Defendants on or about March 9, 2011.

15. Defendants did not establish and maintain a reasonable claim procedure or provide a full and fair review of Plaintiff's claim as required by ERISA. Instead, Defendants acted only in their own pecuniary interest and violated ERISA by conduct including, but not limited to, the following: conducting a review of Plaintiff's claim in a manner calculated to reach the desired result of denying benefits; failing to properly consider and credit the opinions of Plaintiff's physicians and other physicians who have opined on the use of proton beam therapy; and improperly interpreting the Plan.

16. Defendants acted under an inherent conflict of interest in that it is in their best interest to deny benefits to Plaintiff.

17. BCBS has provided coverage for proton beam therapy treatment for over 20 insured individuals who were diagnosed with localized prostrate cancer.

18. Upon information and belief, the Plan does not grant Defendants discretionary authority to determine eligibility or to any other entity that may have adjudicated Plaintiff's claim. Therefore, the Court should review Plaintiff's claim for



Case 1:11-cv-00164-CLC-SKL Document 1 Filed 06/21/11 Page 3 of 6 PageID #: 3

benefits under a *de novo* standard. In the alternative, the denial of Plaintiff's claim constitutes an abuse of discretion.

## COUNT ONE

## SUIT UNDER ERISA FOR RECOVERY UNDER PLAN

19. Plaintiff restates and realleges paragraphs 1 through 18 above as if restated completely herein.

20. By wrongfully denying coverage for proton beam therapy for Plaintiff's prostate cancer because such therapy is allegedly "experimental", Defendants have breached the terms of the Plan and ERISA.

21. By wrongfully denying coverage for proton beam therapy for Plaintiff's prostrate cancer because such therapy is allegedly neither "medically appropriate" nor "medically necessary," Defendants have breached the terms of the Plan and ERISA.

22. Plaintiff has been damaged by Defendants' wrongful denial of coverage, and Plaintiff seeks such remedies as are permitted by law, including but not limited to attorneys' fees and costs pursuant to 29 U.S.C. § 1132 and requiring Defendants to provide coverage for Plaintiff to receive proton beam therapy for his prostate cancer.

## COUNT TWO

## BREACH OF CONTRACT

23. Plaintiff restates and realleges paragraphs 1 through 18 above as if restated completely herein.


Case 1:11-cv-00164-CLC-SKL Document 1 Filed 06/21/11 Page 4 of 6 PageID #: 4

24. Pleading alternatively, Defendants have breached the Plan by refusing to provide coverage for Plaintiff to obtain proton beam therapy for his prostate cancer when such coverage is required by the Plan.

25. Plaintiff has been harmed by Defendants' breach and is entitled to such damages as are permitted by law, including, but not limited to, coverage of proton beam therapy for Plaintiff's prostate cancer.

## COUNT THREE

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

26. Plaintiff restates and realleges paragraphs 1 through 18 above as if restated completely herein.

27. Pleading alternatively, Defendants have breached their duty of good faith and fair dealing to Plaintiff by refusing to provide coverage for Plaintiff to obtain proton beam therapy for his prostate cancer.

28. Plaintiff has been harmed by Defendants' breach and is entitled to such damages as are permitted by law.

WHEREFORE, Plaintiff requests the following:

1. That process issue and be served upon Defendant requiring it to respond within the time provided by law.

2. That the Court award Plaintiff a judgment in an amount to be determined at trial, plus attorneys' fees, interest and costs as allowed by law.

3. That the Court require Defendants to provide coverage for Plaintiff to receive proton beam therapy to treat his prostate cancer.

4. That a jury be impaneled to try this case.

5. That the Court award Plaintiff such other relief as the Court may deem just.

Respectfully submitted,

GRANT KONVALINKA & HARRISON, P.C.

By: s/J. Scott McDearman

J. Scott McDearman (BPR#012174)
Richard G. Pearce, Jr. (BPR#023825)
Attorneys for Plaintiff
633 Chestnut Street, Suite 900
Chattanooga, Tennessee 37450-0900
Telephone: (423) 756-8400

P:\Folders A-H\h859\001\complaint.doc



Case 1:11-cv-00164-CLC-SKL Document 1 Filed 06/21/11 Page 6 of 6 PageID #: 6